IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **CURTIS BAUM,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:07-cv-00099-TC-PMW<br><br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

This case was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Stephen W. Farr's ("Farr") motion to withdraw as counsel of record for Curtis Baum ("Plaintiff")[2] and (2) State Farm Mutual Automobile Insurance Company's ("State Farm") motion for discovery and appearance deadlines.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] This case was previously assigned to Senior District Judge J. Thomas Greene. *See* docket no. 1. On December 18, 2007, Judge Greene signed an order of recusal, and this case was reassigned to Chief District Judge Campbell. *See* docket no. 19. On December 27, 2007, Chief Judge Campbell signed an order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A). *See* docket no. 20.

[2] *See* docket no. 12.

[3] *See* docket no. 14.

In his motion to withdraw as counsel, Farr asserts that he is unable to represent Plaintiff effectively in this case because he is unable to communicate with Plaintiff. Farr contends that Plaintiff "travels extensively outside the country[] and is frequently impossible to contact." As a result, Farr claims that he has not had any communication with Plaintiff for several months. Farr asserts that his attempts to contact Plaintiff have been unsuccessful and that Plaintiff has failed to respond to his messages. For these reasons, Farr seeks to withdraw as counsel of record for Plaintiff.

In response, State Farm recognizes that valid reasons exist for the motion to withdraw and, accordingly, does not directly oppose Farr's motion. However, State Farm asserts that the facts underlying Farr's motion to withdraw appear to demonstrate Plaintiff's abandonment of this case. In support of that assertion, State Farm notes Plaintiff's failure to communicate with Farr, as well as Plaintiff's failure to cooperate in providing initial disclosures. State Farm also notes that Plaintiff has not provided initial disclosures and that the September 21, 2007 deadline for those disclosures[4] passed long ago. For these reasons, State Farm requests that the court set a deadline for Plaintiff to provide initial disclosures. In the event the court grants Farr's motion to withdraw, State Farm also requests that the court set a deadline for Plaintiff to indicate his decision to retain new counsel or to appear pro se. See DUCivR 83-1.4(b).

In civil cases in this court, the three subparts of civil rule 83-1.4(a) of the Rules of Practice for the United States District Court for the District of Utah govern withdrawal of

---

[4] See docket no. 9.

counsel.  *See* DUCivR 83-1.4(a)(1)–(3).  Because no trial date has been scheduled in this case, rule 83-1.4(a)(3) is inapplicable.  *See* DUCivR 83-1.4(a)(3) (governing withdrawal "after an action has been set for trial").  Because Plaintiff has not provided written consent to Farr's withdrawal, rule 83-1.4(a)(1) is likewise inapplicable.  *See* DUCivR 83-1.4(a)(1) (governing withdrawal "[w]here the withdrawing attorney has obtained the written consent of the client").  However, the lack of Plaintiff's written consent does dictate that rule 83-1.4(a)(2) is applicable.  *See* DUCivR 83-1.4(a)(2).  Accordingly, rule 83-1.4(a)(2) provides the only requirements for Farr's motion to withdraw.  In its entirety, rule 83-1.4(a)(2) provides:

> Where the withdrawing attorney has not obtained the written consent of the client, the application must be in the form of a motion that must be served upon the client and all other parties or their attorneys.  The motion must be accompanied by a certificate of the moving attorney that (i) the client has been notified in writing of the status of the case including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and the possibility of sanctions; or (ii) the client cannot be located or, for whatever other reason, cannot be notified of the pendency of the motion and the status of the case.

*Id*.

      The court has determined that Farr's motion satisfies all of the requirements of rule 83-1.4(a)(2).  The mailing certificates accompanying Farr's motion and supporting memorandum indicate that those documents were served upon both Plaintiff and State Farm's counsel.  *See id*.  In addition, Farr has certified in his motion and supporting memorandum that Plaintiff either "cannot be located" or "cannot be notified of the pendency of the motion and the status of the

case." *Id*. Accordingly, Farr's motion to withdraw as counsel of record for Plaintiff[5] is **GRANTED**.

In addition, the court agrees with State Farm's assertion that the facts underlying Farr's motion to withdraw demonstrate that Plaintiff may have abandoned this case. After initiating this case against State Farm, Plaintiff has failed to adequately communicate with his counsel and failed to cooperate in providing initial disclosures. These actions demonstrate both a lack of commitment to his case and a misunderstanding of his obligation to diligently pursue a lawsuit that he initiated. For these reasons, State Farm's motion for discovery and appearance deadlines[6] is **GRANTED**, as indicated below.

Certain responsibilities are imposed upon Plaintiff as a result of the court permitting Farr to withdraw. Those responsibilities are set forth in rule 83-1.4(b), which provides:

> Whenever an attorney withdraws or dies, is removed or suspended, or for any other reason ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney or of his decision to appear pro se within twenty (20) days or before any further court proceedings are conducted.

DUCivR 83-1.4(b). Additionally, Plaintiff is obligated to provide initial disclosures pursuant to rule 26(a)(1) of the Federal Rules of Civil Procedure and, according to State Farm, has failed to do so by the agreed-upon deadline of September 21, 2007.

---

[5] *See* docket no. 12.

[6] *See* docket no. 14.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff shall, within twenty (20) days of the date of this order, file a notice with the court naming his new counsel or, alternatively, indicating his decision to appear pro se. *See id*. If Plaintiff chooses to retain counsel, rather than appear pro se, said counsel shall promptly file a formal notice of appearance in this case.

2. Plaintiff shall, within twenty (20) days of the date of this order, provide initial disclosures to State Farm.

3. In order to ensure that Plaintiff receives notice of these obligations, the Clerk of the Court shall send a copy of this order to Plaintiff by U.S. Mail, first class, postage prepaid, at the following address, which is Plaintiff's last-known mailing address:

>    Curtis Baum
>    2627 Jefferson Ave.
>    Ogden, Utah   84401

Further, any party wishing to effect service upon Plaintiff from this point forward shall serve him at the above-referenced address.

**IT IS SO ORDERED**.

DATED this 1st day of February, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge